UNITED STATES of America, Appellee

v.

Michael OWUSU–SAKYA, Appellant.

No. 06–3141.

United States Court of Appeals, District of Columbia Circuit.

Nov. 14, 2007.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Douglas James Wood, Roberts & Wood, Riverdale, MD, for Appellant.

Before: SENTELLE, RANDOLPH and KAVANAUGH, Circuit Judges.

## JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The Court has determined that the issues presented occasion no need for oral argument. *See* D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

Defendant Michael Owusu–Sakya was stopped for a suspected traffic infraction. At the stop, the arresting officer smelled marijuana. Defendant was then asked to step out of his vehicle. He complied and then began to run. The officers caught him and recovered more than three ounces of marijuana; $1,300, mostly in twenty-dollar bills; and documents showing his address. The arresting officers applied for, and were granted, a warrant to search the premises, where they found about 5 kilograms of marijuana, 60 grams of cocaine base, 190 grams of powder cocaine, $51,285, scales, baggies, two guns, ammunition, and documents in the defendant's name.

The district court denied the defendant's motion to suppress the evidence found pursuant to the search warrant. Defendant then pleaded guilty to the charge of using and carrying a firearm in violation of 18 U.S.C. 924(c). Part of that plea agreement allowed him to appeal the denial of his suppression motion. The circumstances of defendant's arrest provided probable cause to believe that he maintained a stash house for drugs. *See United States v. Johnson,* 437 F.3d 69, 71–72 (D.C.Cir.2006). The warrant also incorporated the supporting affidavit, which provided sufficient particularity regarding the items to be seized. Therefore, the search warrant did not violate defendant's Fourth Amendment rights.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.